```
┌────────────────────────────────────────────────────┐
│          NOT FOR PUBLICATION WITHOUT THE           │
│         APPROVAL OF THE APPELLATE DIVISION         │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R.1:36-3.      │
└────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1988-15T4

ROBERT BENDER,

    Petitioner-Appellant,

v.

TOWNSHIP OF NORTH BERGEN,

    Respondent-Respondent.

_____

        Argued August 15, 2017 — Decided  August 25, 2017

        Before Judges Manahan and Gilson.

        On appeal from Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2007-32225.

        Donald F. Burke argued the cause for appellant (Law Office of Donald F. Burke, attorneys; Mr. Burke and Donald F. Burke, Jr., on the briefs).

        Ryan J. Gaffney argued the cause for respondent (Chasan Lamparello Mallon & Capuzzo, PC, attorneys; Cindy Nan Vogelman, of counsel and on the brief; Qing H. Guo, on the brief).

PER CURIAM

    Petitioner Robert Bender appeals from an order entered by a Workers' Compensation judge entering judgment in favor of the

Township of North Bergen (Township). After our review, we affirm in part and remand for amplification of the judge's decision concerning the orthopedic claim.

We discern the following facts taken from the record. Petitioner was employed by the Township as a police officer. Petitioner commenced his employment in 1979 and, after rising through the ranks, retired as a lieutenant in 2004.

Petitioner filed a workers' compensation claim on October 4, 2007, for work-related psychiatric, orthopedic, and internal injuries. The Township filed an answer to the petition on January 15, 2008, asserting the statute of limitations as a defense. Horizon Blue Cross Blue Shield of New Jersey (Horizon) filed a motion to intervene, which was granted on September 29, 2010.[1]

On January 29, 2014, the Township filed a motion to dismiss for failure to comply with the statute of limitations regarding petitioner's orthopedic injuries. Petitioner filed a reply certification in opposition.

The Township filed a motion to dismiss for lack of prosecution on February 28, 2014. In response, petitioner filed a cross-motion to compel the Township to answer interrogatories, to produce

---

[1] Horizon asserted a lien in the amount of $77,044.37, and argued that if petitioner's injuries are deemed work related, the Township should take over treatment and provide reimbursement to Horizon.

records, and to preclude the Township from presenting proofs at trial if the documents were not produced. On May 5, 2014, the Township filed a motion to dismiss for failure to comply with the statute of limitations regarding petitioner's remaining psychiatric claims.

Petitioner filed a substitution of attorney on May 8, 2014. On June 24, 2014, petitioner filed a supplemental report of Mercedes N. Rudelli, M.D., dated June 19, 2014. The Township submitted an addendum report of Kenneth J. Rubin, M.D., dated October 23, 2014. On May 4, 2015, petitioner submitted an undated psychiatric evaluation report completed by Vicki Forte, Ph.D., M.D.

A trial took place over three non-contiguous days in 2014 and 2015. During the trial, testimony was taken from petitioner, and, on behalf of the Township, from Sergeant Alex Guzman, the liaison between the police department and the Township's workers' compensation carrier.

Petitioner testified about his exposure during his years as a police officer to various gruesome assignments and trauma. Petitioner further testified that in 2002, he began experiencing negative psychiatric issues as a result of this exposure and consulted Dr. Ausberto McKinney, the police department's physician, who referred petitioner to psychiatrist Dr. Rudelli,

who petitioner testified he was seeing "on a continuous basis ever since and as frequently as [he] possibly could." Saliently, petitioner testified that the stress associated with his employment led him to retire. Despite suffering from what he perceived to be an occupational related psychological condition, petitioner did not report his condition nor file a claim until five years later.

Concerning his claim of orthopedic injuries, petitioner briefly described treatments he received to his knee, shoulder, and neck after retiring in 2004, as well as his physical limitations. Petitioner acknowledged that he filed three prior workers' compensation claims and received prior awards for permanent disability.

Guzman's testimony was limited. He testified regarding the procedures for filing workers' compensation claims to the Township's police department.

In a seven-page written opinion, the judge held petitioner failed to file a petition within the two-year statute of limitations. As such, the judge held the claim was barred.

Petitioner submitted a supplemental certification on December 1, 2015, for the purpose of "correcting mistaken factual inferences [the judge] drew from the testimony" and requesting that the judge "incorporate this sworn statement in a supplemental factual

analysis before a final order is entered." By email dated December 10, 2015, the judge stated that "[u]pon review of petitioner's attorney's correspondence . . ., there appears no need to settle the record as petitioner's knowledge of a compensable recovery is irrelevant and not a defense."

The judge entered an order of dismissal in favor of the Township. This appeal followed.

Petitioner raises the following point on appeal:

POINT I

THE WORKERS' COMPENSATION COURT ERRED IN DISMISSING THE PETITION ON STATUTE OF LIMITATIONS GROUNDS.

[1.] The Workers' Compensation Act is remedial social legislation and should be given liberal construction in order that its beneficent purposes may be accomplished.

[2.] Under established legal principles, knowledge of the "nature" of a disability includes knowledge that the injury is compensable.

[3.] Uncontradicted testimony establishes that the petitioner did not know he had a compensable claim until 2007 when he filed his claim petition.

[4.] The Sheffield[2] Doctrine tolls the statute of limitations because

---

[2] Sheffield v. Schering Plough Corp., 146 N.J. 442 (1996).

the petitioner was ordered by the Police Surgeon of North Bergen to see Dr. Rudelli for treatment and he did so up to the filing of his workers' compensation claim and continuing to the present.

[5.] The [w]orkers' [c]ompensation [j]udge dismissed petitioner's orthopedic occupational claims without addressing why they were barred.

The Division of Workers' Compensation "is deemed to have primary jurisdiction to decide compensability issues[.]" Kristiansen v. Morgan, 153 N.J. 298, 313 (1998), modified, 158 N.J. 681 (1999). An appellate court's scope of review is limited to "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Lindquist v. Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)); accord Brock v. Pub. Serv. Elec. & Gas Co., 149 N.J. 378, 383 (1997).

An appellate court may not substitute its own fact-finding for that of the judge of compensation. Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 488 (App. Div. 2000). We must defer to the factual findings and legal determination made by the judge of compensation "unless they are 'manifestly unsupported by or

6

A-1988-15T4

inconsistent with competent relevant and reasonably credible evidence as to offend the interests of justice.'" Lindquist, supra, 175 N.J. at 262 (quoting Perez v. Monmouth Cable Vision, 278 N.J. Super. 275, 282 (App. Div. 1994), certif. denied, 140 N.J. 277 (1995)); accord Rova Farms Resort v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974).

## I.

We commence by addressing petitioner's argument that the claim was not barred by the statute of limitations. N.J.S.A. 34:15-51 requires claimants to file a petition for workers' compensation resulting from accidental injury on the job within two years of the accident. Petitions based on occupational disease are barred if they are not filed within two years of the date plaintiff discovered the nature of the disability and its relationship to employment. N.J.S.A. 34:15-34.

Unlike an accident, the precise onset of an occupational disease may be difficult to ascertain. Earl v. Johnson & Johnson, 158 N.J. 155, 163-64 (1999); Peck v. Newark Morning Ledger Co., 344 N.J. Super. 169, 185 (App. Div. 2001). As a result, "N.J.S.A. 34:15-34 and our courts have recognized that the period for filing an occupational claim does not run until two years after the date the worker knew the nature of the occupational disability and its relationship to employment." Peck, supra, 344 N.J. Super. at 184.

For statute of limitations purposes, "'knowledge of the nature of [the] disability' connotes knowledge of the most notable characteristics of the disease, sufficient to bring home substantial realization of its extent and seriousness." Earl, supra, 158 N.J. at 163 (alteration in original) (quoting Bucuk v. Edward A. Zusi Brass Foundry, 49 N.J. Super. 187, 212 (App. Div.), certif. denied, 27 N.J. 398 (1958)).

Here, petitioner contends that he did not know he had a compensable claim relating to his psychiatric injuries until he filed the claim petition in 2007. As this court has held, merely experiencing symptoms and receiving treatment for a work-related condition is not sufficient to trigger the statutory time limits. Id. at 161-62. Rather, the statute requires actual knowledge of the nature of a disability, the relation to the employment, and that the injury is compensable. N.J.S.A. 34:15-34; Earl, supra, 158 N.J. at 161. In other words, the claimant must have knowledge that the condition rises to the level of a permanent disability, since only permanent disability is compensable. Earl, supra, 158 N.J. at 162-64. However, "[s]uch knowledge is immaterial in ongoing exposures for which a petitioner can file within two years from the last exposure." Id. at 167 (citation omitted).

After considering and weighing the testimony, the judge held that petitioner "knew of the nature of the disability and its

relation to the employment for compensable occupational disease; [yet, he] failed to file a petition within [two] years after the date on which [he] first knew the nature of the disability and its relation to the employment."

In pertinent part, the judge found:

> [p]etitioner admitted that he was fully aware that work exposures were causing him distress as early as 2002. In fact, petitioner credibly testified that the stress level was so egregious that he counted the days until his retirement, declined a request to work an additional four months, and forwent significant additional income in a time and leave retirement which he could have earned had he remained employed.

As to petitioner's argument that the referral by Dr. McKinney constituted adequate notice to the Township, the judge held "it cannot be credibly argued that petitioner was not fully and adequately aware of the written notice requirements for filing a workers' compensation claim as he had done so in the past."

Given our review of the record and in consideration of our standard of review, we discern no error in the judge's holding that petitioner failed to file a timely claim relating to his occupational disability. By his own testimony, petitioner was aware as early as 2002 of the relationship between the psychological symptoms he was experiencing and his employment. As well, given his claim history, petitioner was very familiar with

the compensation process. In sum, the record is clear that, in advance of the expiration of the applicable statute of limitations, petitioner knew the nature of his disability and its relationship to his employment.

## II.

We next address petitioner's argument that the judge failed to properly evaluate the evidence. In terms of our deference to decisions of a judge of compensation, we have held that "where the focus of the dispute is not on credibility but, rather, alleged error in the trial judge's evaluation of the underlying facts and the implications to be drawn therefrom, our function broadens somewhat." Manzo v. Amalgamated Indus. Union Local 76b, 241 N.J. Super. 604, 609 (App. Div.), certif. denied, 122 N.J. 372 (1990). In Manzo, we accepted the findings of fact by the workers' compensation judge, but disagreed with the conclusions drawn from those facts. Id. at 614. We will "appraise the record as if we were deciding the matter at inception and make our own findings and conclusions" only if the judge of compensation "went so wide of the mark that a mistake must have been made." Id. at 609 (quoting C.B. Snyder Realty, Inc. v. BMW of N. Am., Inc., 233 N.J. Super. 65, 69 (App. Div.), certif. denied, 117 N.J. 165 (1989)).

Here, petitioner challenges the judge's fact-findings in the first instance; whether petitioner was aware he had a compensable

claim and yet did not file a claim petition within the two-year statute of limitations. Those findings required credibility determinations, not the evaluation of established facts as in Manzo. Despite the urging of petitioner on this score, we conclude that our independent review of the judge's factual findings and credibility determinations based on the trial proofs is unwarranted. Even were we to conclude otherwise regarding our scope of review, the judge's conclusions are not only not "wide of the mark," they are, to the contrary, entirely consistent with the trial record.

### III.

Next, petitioner argues that the judge failed to adequately analyze the petitioner's orthopedic claims. Workers' compensation judges must furnish clear, complete, and articulate reasons grounded in the evidence. See In re Vey, 124 N.J. 534, 543-44 (1991). "When the absence of particular findings hinders or detracts from effective appellate review, the court may remand the matter to the agency for a clearer statement of findings and later reconsideration." Id. at 544. The Supreme Court long ago emphasized the importance of this obligation with respect to administrative agencies, stating:

> It is axiomatic in this State . . . that an
> administrative agency . . . must set forth
> basic findings of fact, supported by the

11

> evidence and supporting the ultimate conclusions and final determination, for the salutary purpose of informing the interested parties and any reviewing tribunal of the basis on which the final decision was reached so that it may be readily determined whether the result is sufficiently and soundly grounded or derives from arbitrary, capricious or extra-legal considerations.
>
> [In re Application of Howard Sav. Inst., 32 N.J. 29, 52 (1960).]

In the instant matter, we are unable to determine from a reading of the decision whether or on what basis the judge decided the compensability of the orthopedic injuries claim. We note that while petitioner's orthopedic injuries were documented during the course of his employment, he contended that these injuries were "insidiously progressive" and "did not manifest themselves until less than two years before the filing of his claim petition in 2007." See Brunell v. Wildwood Crest Police Dep't, 176 N.J. 225, 229 (2003) ("[I]n the narrow band of accident cases that result in latent or insidiously progressive injury, the accident statute of limitations does not begin to run until the worker knows or should know that he has sustained a compensable injury."). Thus, petitioner argues, and we agree, that there remain factual issues

in dispute not addressed by the decision. We are therefore constrained to remand this matter for resolution of those issues.[3]

On remand, the judge of compensation shall make particularized findings and determine whether petitioner has filed his claim regarding his orthopedic injuries within the appropriate statute of limitations.

Affirmed in part and remanded in part for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Relative to this issue, the Township argues that since the facts in this matter are not in dispute, this court should exercise original jurisdiction under Rule 2:10-5. While we may exercise original jurisdiction as "necessary to the complete determination of any matter" we review, Rule 2:10-5, we rarely do so if issues of witness credibility are involved, or if the expertise of the agency may be relevant. Pressler & Verniero, Current N.J. Court Rules, comment on R. 2:10-5 (2017). In light of the record before us and the expertise involved with a judge of compensation, we discern no basis to exercise original jurisdiction.